```
        UNITED STATES DISTRICT COURT
        NORTHERN DISTRICT OF ALABAMA
            NORTHEASTERN DIVISION
```



MABEL PULLUM,            )
                         )
   Plaintiff,            )
                         )
vs.                      )    Civil Action CV97-S-970-NE
                         )
THE CITY OF ATHENS, ALABAMA, )
a municipal corporation; TERRY )
PUGH, individually; and JIM FLYNT, )
individually;            )
                         )
   Defendants.           )



## MEMORANDUM OPINION

This action is before the court on motions to dismiss filed by all defendants. Upon consideration of the motions, pleadings, and evidentiary submissions, this court determines it would be unaided by oral argument of counsel and, therefore, **this action is removed from the court's July 22, 1997 motion docket**. This court concludes both motions[1] are due to be denied. Further, this court determines *sua sponte* that it shall decline to exercise supplemental jurisdiction over plaintiff's state law claims.

### I. DISCUSSION

Mabel Pullam filed an action against the City of Athens and Jim Flynt in the Circuit Court of Limestone County, Alabama (CV 96-238J) on May 28, 1996. (Defendant Pugh's Motion to Dismiss, Exhibit A.) In Count One of plaintiff's state court complaint, she alleges that the City of Athens

> negligently, carelessly or unskillfully caused or allowed
> one of the City's uniformed police officers (whose name
> is Jimmy Flynt, to the best of Plaintiff's knowledge), to

---

[1] Defendants City of Athens and Jim Flynt filed a motion to dismiss on April 30, 1997; Terry Pugh filed a separate motion to dismiss on May 8, 1997.

> enter and search the Plaintiff's home and dwelling without permission and contrary to the express instructions of the Plaintiff and without a search warrant and contrary to law.

(Plaintiff's State Court Complaint, ¶ 6.) In the remaining two counts of her state court complaint, plaintiff accused Jim Flynt of negligence, wantonness, and trespass. That action still is pending in state court.

On April 18, 1997, Mabel Pullam filed this separate action against the same defendants sued in her state court case, but added Terry Pugh as a defendant. Both cases arise out of the same nucleus of operative facts. In this action, Plaintiff asserts claims against all defendants based on 42 U.S.C. § 1983 for alleged violations of "[p]laintiff's Fourth Amendment right by and through the Fourteenth Amendment to be free from unreasonable searches and seizures and her Ninth Amendment right to privacy by and through the Fourteenth Amendment." (Plaintiff's Complaint, ¶ 8.) Plaintiff also alleges pendent state law claims for trespass, invasion of privacy, and intentional infliction of emotional distress against all defendants, and a claim for negligent supervision against the City of Athens.

Defendants assert that Alabama Code § 6-5-440 requires that this action be dismissed, and that this court should abstain from exercising jurisdiction over plaintiff's claims. This court is not persuaded by either argument.

2

### A. Alabama Code § 6-5-440

Alabama Code § 6-5-440 provides:

> No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.

Defendants argue that statute applies to bar this later-filed action. Yet, defendants have failed to point to any federal court decision dismissing a later-filed federal action, because another, similar action was previously filed in state court. This court's own research reveals only one such case: *Simmons v. Pulmosan Safety Equipment Corporation, Inc.*, 471 F.Supp. 999 (S.D. Ala. 1979). That case is clearly distinguishable. In *Simmons*, the district court's jurisdiction was based solely on diversity of citizenship, and the only claim before the court was a wrongful death claim under the Alabama Extended Manufacturer's Liability Doctrine. Thus, the court was applying only the substantive law of the State of Alabama. In contrast, plaintiff has invoked federal question jurisdiction in this action. There is no authority for the proposition that the Alabama legislature can define the jurisdictional reach of a United States District Court to determine questions based on federal laws. Accordingly, defendants argument is without merit.

### B. Abstention

Defendants next argue that this court should decline to exercise jurisdiction based on the abstention doctrine explained in

3

*Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). In making such a decision, the court should consider factors such as: whether one court has assumed jurisdiction over the property at issue; the inconvenience of the federal forum; the order in which jurisdiction was obtained by the concurrent forums; the desirability of avoiding piecemeal litigation; the source of law which provides the rule of decision on the merits; and, the adequacy of each forum to protect the parties' rights. *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 23-27, 103 S.Ct. 927, 940-42, 74 L.Ed.2d 765 (1983).

> In considering the appropriateness of abstention in a § 1983 case due to the pendency of state proceedings concerned with a factual base which is the same as the one in the case in federal court, the Supreme Court has emphasized that, as a general rule, "the pendency of an action in the state court is no bar to the proceedings concerning the same matter in the Federal court having jurisdiction."

*Beaver v. Bridwell*, 598 F.Supp. 90, 93 (D. Md. 1984)(quoting *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246). In *Colorado River*, the Court noted the "virtually unflagging obligation of federal courts to exercise the jurisdiction given them." *Colorado River*, 342 U.S. at 183, 72 S.Ct. at 221. "[T]he 'unflagging obligation' of federal courts to exercise jurisdiction given them 'is particularly weighty when those seeking a hearing in federal court are asserting ... their right to relief under 42 U.S.C. § 1983.'" *Signad, Inc. v. City of Sugar Land*, 753 F.2d 1338, 1340 (5th Cir.), *cert. denied*, 474 U.S. 822, 106 S.Ct. 75, 88 L.Ed.2d 61

4

(1985)(quoting *Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (9th Cir. 1979)).

"[D]efendant[s] ha[ve] the burden of showing why abstention is appropriate." *Beaver*, 598 F.Supp. at 95. This court has reviewed defendants' arguments in support of abstention, considered the factors discussed in *Colorado River*, and concludes defendants have not met their weighty burden. Accordingly, defendants' motions are due to be denied.

That is not the end of the inquiry, however. Under 28 U.S.C. § 1367(c)(4), a district court may decline to exercise supplemental jurisdiction over pendent state law claims if, "in exceptional circumstances, there are ... compelling reasons for declining jurisdiction." This court determines *sua sponte* that it will exercise such discretion for the following "compelling reasons": (1) to preserve judicial resources by eliminating the possibility of two trials on the same claims, because several of plaintiff's state law claims are asserted in the state court proceeding; (2) to avoid the possibility of inconsistent judgments in the two proceedings; and, (3) to promote the principle of comity by allowing the state court to handle its own tort claims. *See, e.g., Hays County Guardian v. Supple*, 969 F.2d 111, 125 (5th Cir. 1992)(finding "exceptional circumstances" and "compelling reasons" under § 1367(c)(4), because "[a]djudicating state-law claims in federal court while identical claims are pending in state court would be a pointless waste of judicial resources"); *Blue Dane Simmental Corporation v. American Simmental Association*, 952 F.Supp

5

1399, 1413 (declining supplemental jurisdiction under § 1367(c)(4) where counter-claimant "has filed a suit in ... state court very similar to his state law counterclaim here," because "it would not serve the values of economy, convenience, fairness, and comity for this court to retain jurisdiction over [his] state law claim"); *Polaris Pool Systems v. Letro Productions, Inc.*, 161 F.R.D. 422, 425 (C.D. Cal. 1995)(noting that rejection of supplemental jurisdiction under § 1367(c)(4) "over these state law counterclaims in light of the pending state court action may further the values of economy, convenience, fairness, and comity")(internal quotations omitted). Accordingly, plaintiff's pendent state law claims are due to, and shall be dismissed.

## II. CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are due to be denied. This court declines to exercise supplemental jurisdiction over plaintiff's pendent state law claims and, therefore, those claims are due to be dismissed. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 18th day of July, 1997.

_____
United States District Judge